Fred J. Masucci et al. [1] v. Commissioner. Masucci v. Commissioner
Docket Nos. 51018-51021.
United States Tax Court
T.C. Memo 1956-45; 1956 Tax Ct. Memo LEXIS 253; 15 T.C.M. (CCH) 203; T.C.M. (RIA) 56045; February 24, 1956
*253 Robert M. Taylor, Esq., Land Title Building, Philadelphia, Pa., for the petitioners. Stephen P. Cadden, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined deficiencies in income tax for the years 1947-1951, inclusive. The sole issue is whether petitioners Fred J. Masucci and Benjamin Rubenstein, who were equal partners in Atlantic Amusement Company, correctly reported their distributive shares of the partnership income. [2] This issue, in turn, depends upon the correct determination of the partnership income for each of the years involved. [Findings of Fact] Atlantic Amusement Company was engaged in the numbers business in Atlantic City, New Jersey. Its activities were illegal. It operated in the following manner: It had a number of route men who collected numbers slips daily from stores where patrons placed their bets. The slips were brought into the office of Atlantic Amusement Company each day prior to the determination of the number for the day. After the day's *254 number had been determined the slips would be examined, and the winning slips, or "hits", would be segregated. A master tape would be prepared on an adding machine for each day's play. That tape would disclose the total hits of the day, by routes, and the gross receipts of the day minus the twenty-five per cent commissions to which the stores were entitled. Odds were calculated at 500 to 1, except as to certain numbers (approximately one-third of all available numbers) which paid off at 300 to 1. The daily master tapes were prepared in duplicate, and one set was sent weekly to an accountant who transcribed the data upon journal sheets. He prepared the income tax returns of the partnership and of petitioners, which accurately reflect the data appearing on the tapes furnished to him. The other set of tapes was retained by the partnership together with the hit slips, and all such duplicate tapes and hit slips were in the court room except the hit slips for 1947. All other slips (apart from the hit slips) had been destroyed 48 hours after the day involved. All of the tapes sent to the accountant were introduced in evidence. Some of the tapes, retained by petitioners, together with accompanying *255 hit slips, selected at random, were introduced in evidence as representative tapes and hit slips. The partnership returns of the Atlantic Amusement Company disclose the following gross receipts and hits for each of the following years: Gross
Hits
1947
$159,355.53
$ 82,930.50
1948
235,666.11
130,049.03
1949
295,429.77
157,651.00
1950
384,478.15
203,109.16
1951
139,055.66
73,119.50
[Opinion] Although the Commissioner's deficiency notice does not disclose the basis for his increase in the partnership net income, there is no dispute between the parties that the Commissioner merely reduced the amount of the hits so that they represented 28 per cent of the gross receipts. Petitioners contend that the Commissioner's action was arbitrary and that the daily master tapes together with the accompanying hit slips accurately reflect the partnership gross receipts and the amount of the hits. Petitioners presented as a witness a Mrs. Dorothy Mitchell who had been in charge of the office of the Atlantic Amusement Company during the years involved. She described in detail the operations of the enterprise, including the preparation of the tapes and the *256 computation of the hits. She was a candid witness and we find her testimony credible. We are satisfied that the hits were correctly recorded on the tapes, and so find as a fact. On the basis of the evidence before us, we also find as a fact that such hits were paid and were correctly reported on the returns. In the circumstances the determinations of deficiencies herein must be disapproved. Decisions will be entered for the petitioners. Footnotes
1. The following proceedings are consolidated herewith: Fred J. Masucci and Shirley Masucci, Docket No. 51019; Benjamin Rubenstein, Docket No. 51020; and Benjamin Rubenstein and Laura F. Rubenstein, Docket No. 51021.↩
2. Their wives appear as petitioners in two of the cases only because joint returns were filed for the years covered by those cases.↩